# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| ROBERT DEUTSCHER, | : | MOTION TO VACATE |
| BOP Reg. No. 72462019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:22-CV-0008-SCJ-JCF |
| | : | |
| UNITED STATES OF | : | CRIMINAL ACTION NO. |
| AMERICA, | : | 2:19-CR-0002-SCJ-JCF-2 |
|    Respondent. | | |

## FINAL REPORT AND RECOMMENDATION

Movant Robert Deutscher, a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his 2021 guilty plea conviction and sentence in this Court for one count of conspiracy to advertise the sexual exploitation of children via interstate or foreign commerce, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and 2251(e).  (Doc. 196.)  The matter is before the Court on the § 2255 motion, the government's response, and Movant's reply. For the reasons stated below, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED** and that no certificate of appealability issue.

I.   **PROCEDURAL HISTORY**

On August 20, 2019, a federal grand jury returned the operative second superseding indictment against movant and five other individuals, charging movant with one count of conspiring to advertise child pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e) ("Count 1"). (Doc. 89 at 1-2.)  Ultimately, Movant pled guilty to Count 1 pursuant to a written plea agreement.  (See docs. 163 at 163-1.)

At the change-of-plea hearing, the government testified that it would have presented evidence at trial that Movant was a member of a chatgroup created in 2017 by codefendant Terence Dixon for the purpose of distributing, sharing, and receiving child pornography.  (Doc. 198 at 23-24.)  Movant posted child pornography to the chatgroup, including multiple images on December 18, 2017, one of which involved sex acts performed by an adult man on an infant.  (Id. at 25.)  Movant posted a dropbox, dropbox link, and image on December 26 and 27, 2017, in response to a request from codefendant Jordan Taff.  (Id.)  Movant posted additional child pornography in January 2018.  (Id.)  An undercover law enforcement officer embedded in the chatgroup opened the links and confirmed that they contained child

2

pornography. (Id.) Movant's distribution of child pornography and his chats with Jordan Taff constituted a notice of advertisement to receive, exchange, or distribute child pornography. (Id.) Movant testified that he agreed with the government's factual basis and that he was in fact guilty as charged in Count 1. (Id. at 25-26.)

On January 14, 2021, the District Court sentenced Movant to 180 months' imprisonment, to be followed by 15 years' supervised release. (Doc. at 187 at 2-3.) The instant § 2255 motion followed.

## II.   28 U.S.C. § 2255 MOTION

In his § 2255 motion, Movant enumerates four grounds for relief:[1]

1. that the offense of conviction is unconstitutionally overbroad in violation of the First Amendment to the extent that it criminalizes the mere posting of hyperlinks that are not themselves obscene;

2. that the offense of conviction is an "aggravating" statute that requires a predicate but that he was not charged with any underlying substantive child pornography offense;

3. that he was selectively prosecuted and that unwarranted sentencing disparities exist relative to his codefendants; and

---

[1] Movant's claims have been restated for the sake of clarity.

3

    4. that the government would remain bound by the plea agreement's promise against further prosecution if he is granted habeas relief.

(Doc. 196 at 2-3, 5-29.) In a section titled "The Conclusion of Grounds 1-3," Movant argues that his plea counsel was ineffective for failing to raise a pre-plea challenge to the indictment consistent with Grounds 1 and 2, and for failing to challenge his sentence as unwarrantedly disparate from his codefendants and the result of selective prosecution after several codefendants entered into agreements to plead guilty to lesser charges. (See id. at 34-37.) Movant also alleges that his counsel has denied post-conviction discovery by withholding part of his casefile. (Id. at 31-32.)

    As an initial matter, the government's response characterizes grounds 1 through 4 as claims of substantive plea court error and construes two unenumerated claims of ineffective assistance of counsel in that counsel rendered ineffective assistance by (5) failing to negotiate a reduction of his charges and (6) denying him his discovery. (See doc. 200 at 5-6.) Movant replies that all grounds are raised as grounds of ineffective assistance of counsel. (Doc. 201 at 4.)

    The Court finds that Movant presents Grounds 1-3 as both claims of substantive error and as related claims of ineffective assistance of counsel. As

4

discussed further below, Ground 4 seeks a prospective advisory opinion and is not a proper claim for relief. Out of an abundance of caution, the Court will also address any potential unenumerated claims related to (5) counsel's failure to negotiate a reduction of charges and (6) counsel's withholding of postconviction "discovery." See Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir. 1992) (holding that a district court must address all claims for relief presented in a habeas corpus petition).

### A.     Collateral Attack Waiver

Movant's plea agreement contained the following appeal waiver provision:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 163-1 at 16.) Movant initialed the page containing the appeal waiver and both Movant and his attorney signed the plea agreement. (Id. at 17.)

At the change-of-plea hearing, the District Court specifically questioned Movant about the appeal waiver provision, asking him "[d]o you understand that as part of your plea agreement, you are giving up the right to appeal your sentence unless there is an upward departure or upward variance by the court from the guidelines, an appeal by the government, or a claim of ineffective assistance of counsel filed by you?" (Doc. 198 at 21.) Movant testified "[y]es, I understand that, your honor." (Id.) The Court further questioned "[d]o you understand you are giving up your right to collaterally attack your conviction and sentence in any postconviction proceeding?" (Id.) Movant testified "[y]es, your honor," and further testified that he had not been threatened, coerced, or been made any undisclosed promises outside the plea agreement in exchange for waiving his collateral attack rights. (Id. at 21-22.)

A collateral attack waiver will be enforced if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned

6

the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. Id.; see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (holding that a waiver was valid where it was "referenced" at the change-of-plea hearing, and where the district court established that the defendant had read and understood "every page and every word" of the plea agreement).

A valid collateral attack waiver applies to difficult or debatable issues of law and even blatant error. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005). A defendant may even waive constitutional issues by executing a valid collateral attack waiver, including an Eighth Amendment claim that a sentence was cruel and unusual due to its length. United States v. Bascomb, 451 F.3d 1292, 1297 (11th Cir. 2006).

Here, the record establishes that Movant waived his collateral attack rights knowingly and voluntarily. The government read the terms of the plea agreement into the record, including the full text of the collateral attack waiver, and Movant testified that this was the agreement he had entered into with the government and that he understood the agreement. (Doc. 198 at 11-15, 21-

7

22.)  The plea court also specifically informed Movant that he was waiving his collateral attack rights, and he again testified that he understood.  (Id.) Courts apply a "strong presumption" that statements made by a defendant during the plea colloquy are true.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  Accordingly, the government has shown that record makes clear that the Movant understood the full significance of the collateral attack waiver, and that he entered into it knowingly and voluntarily.  See Weaver, 275 F.3d at 1333.  To the extent that Movant raises Grounds 1 through 3 as claims of substantive plea court error, any such claims are barred by the collateral attack waiver in his plea agreement.  See Bushert, 997 F.2d at 1351.

    **B.**    **Enforceability of Plea Agreement**

In Ground 4, Movant asserts that, in the event he is granted habeas relief and his conviction is vacated, the plea agreement would remain enforceable and would preclude the government from further prosecuting him for the conduct underlying his present conviction. (Doc. 196 at 38-41.)  To that end, Movant seeks a prospective declaration that the plea agreement would bar any future prosecution for the same offense(s) if his § 2255 motion is granted. (Doc. 196 at 41, see also doc. 201 at 19.)

Here, Movant's Ground 4 does not allege any basis for habeas relief. Notably, Movant does not allege that the government has breached the plea agreement in any way. (See generally doc. 196; doc. 201.) Moreover, Movant has not been granted § 2255 relief, and the government is not presently attempting to further prosecute or re-prosecute him. Consequently, Ground 4 does not implicate any live case or controversy before this Court, and what Movant is seeking is an impermissible prospective advisory opinion about whether theoretical further prosecution would breach the plea agreement. See, e.g., Miller v. FCC, 66 F.3d 1140, 1145 (11th Cir. 1995) (explaining that Article III of the Constitution limits the jurisdiction of federal courts to resolving actual cases or controversies between adverse parties and that "[t]he prohibition on advisory opinions is a logical corollary of the case or controversy requirement"). Ground 4 is noncognizable in a § 2255 motion.

C.  **Ineffective Assistance of Counsel**

Movant argues that his plea counsel was ineffective for failing to raise a pre-plea challenge to the indictment on the grounds that (1) the statute of conviction is unconstitutionally overbroad in violation of the First Amendment such that Movant is actually innocent, and (2) that he was not

9

charged with any valid predicate sufficient to support the "aggravating" § 2251(d)(1)(A) offense, and (3) for failing challenge his sentence as unwarrantedly disparate from his codefendants and the result of selective prosecution. (Doc. 196 at 34-36.) Movant asserts that the factual and legal predicates underlying these claims were available to counsel prior to his plea and that it was unreasonable for counsel to advise Movant to plead guilty to a constitutionally deficient indictment. (Id. at 35.) Movant contends that, but for counsel's deficient advice, he would not have pled guilty and would have sought a directed verdict at trial. (Id. at 36.) Movant also asserts that his counsel has denied him access to post-conviction discovery by failing to provide Movant with a copy of a CD referenced in Movant's casefile. (Id. at 31-32.)

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). To make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance is deficient

10

only if it falls below the wide range of competence demanded of attorneys in criminal cases. See Strickland, 466 U.S. at 687-88. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Strickland's two-part test applies in the context of guilty pleas. Lafler v. Cooper, 566 U.S. 156, 162-64 (2012). Because a voluntary, unconditional guilty plea generally waives all nonjurisdictional defects in the proceedings, a defendant who enters a guilty plea can attack only "the voluntary and knowing nature of the plea." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). A defendant can overcome the otherwise voluntary and intelligent character of his guilty plea only if he can establish that the advice that he received from counsel in relation to the plea was not within the range of competence demanded of attorneys in criminal cases, in violation of Strickland. Premo v. Moore, 562 U.S. 115, 121, 126 (2011). In order to establish prejudice in the context of a guilty plea, a defendant must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 129 (quotations omitted). This means that "a petitioner must convince the court

11

that a decision to reject the plea bargain would have been rational under the circumstances." Diveroli v. United States, 803 F.3d 1258, 1263 (11th Cir. 2015).

In evaluating the knowingness and voluntariness of a plea, the representations of the defendant at the plea hearing, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Courts apply a "strong presumption" that statements made by a defendant during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Here, the plea court conducted a lengthy and thorough plea colloquy. (See Doc. 198.) Movant testified that he was pleading guilty of his own volition because he was in fact guilty, that he understood the elements of the charge against him and the penalties he faced, and described the conduct to which he was pleading guilty on Count 1 in his own words as "I had child pornography on my computer. I was asking others to receive other child pornography. I was displaying it on the internet." (Id. at 6-8, 11, 15-21, 23-26.) Movant testified that he was satisfied with counsel's representation. (Id.

at 17.) Movant has not carried his heavy burden to show that his plea colloquy testimony was false. See Blackledge, 431 U.S. at 74; Medlock, 12 F.3d at 187; see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("When a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

Movant has not otherwise shown that the advice he received from counsel was so deficient as to render his plea involuntary. Courts repeatedly have found that § 2251(d) is not unconstitutionally vague or overbroad, particularly as applied to conduct like Movant's in this case. See, e.g., United States v. Cox, 963 F.3d 915, 922-23 (9th Cir. 2020) (holding that § 2251(d)(1)(A) was not unconstitutionally vague as applied to defendant who posted links to child pornography); United States v. Bledsoe, 177 F. App'x 311, 312 (4th Cir. 2006) (rejecting constitutional overbreadth challenge to § 2251(d)); see also United States v. Petersen, No. CR-13-30-M-DWM, 2014 WL 2807420 at (D. Mont. June 20, 2014) (denying motion to dismiss indictment and determining that §§ 2251(d) and (e) were not unconstitutionally ambiguous, overbroad, or vague); United States v. Yong Wang, No. 11 Cr. 730(PGG), 2013 WL 452215 at *18-*19 (S.D.N.Y Feb. 5,

13

2013) (Denying motion to dismiss indictment and determining that § 2251(d) was not unconstitutionally vague as applied to defendant who allegedly posted links leading to internal pages containing child pornography on websites that he owned and operated) United States v. Pabon-Cruz, 255 F.Supp.2d at 211-12 (S.D.N.Y. 2003) (denying motion for judgment of acquittal and finding that § 2251(d)(1)(A) conviction did not implicate First Amendment concerns where defendant posted links in chatrooms to images that he knew to be of actual children engaged in sexual activity). Further, nothing in the plain language of § 2251(d)(1)(A) requires a predicate offense. See 18 U.S.C. § 2251(d)(1)(A). Counsel was not ineffective for failing to raise meritless objections. See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Movant's Grounds 1-2 do not warrant relief.

To the extent that Movant alleges in Grounds 3 and 5 that counsel was ineffective pre-plea for failing object to selective prosecution and/or failing to negotiate a more favorable plea agreement, these claims arise from the fact that codefendants Ronnie Boggs, Matthew Peltz, Jordan Taff, and Tyler

Collado all ultimately negotiated pleas where they pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and received sentences between 60 and 87 months' imprisonment. (See doc. 196 at 26.) Movant asserts that he was similarly situated to these codefendants and complains that his counsel was not able to obtain the same deal. (See id.) Movant states that the government was unwilling to make a similar offer in his case due to the age of the children involved in some of the images distributed by Movant. (See id. at 27.) Movant contends that the government's comparatively harsher treatment of him for "trafficking of prepubescent and infant child pornography" constituted an "unconstitutionally arbitrary classification" with respect to his codefendants. (Id. at 29-30.)

Similarly, to the extent that Movant alleges that counsel was ineffective at sentencing for failing to object that that his sentence was unwarrantedly disparate from codefendants Boggs, Peltz, Taff, and Collado, Movant does not dispute that he was subject to a higher base offense level based on a different crime of conviction nor does he argue that any specific Sentencing Guidelines enhancements for the ages of the minors involved, the number of

15

images involved, consideration he received for sharing images, sadistic or masochistic content, and the use of a computer were erroneously applied. (See id.) Rather, Movant apparently argues that discriminating at all between different "types" of child pornography for sentencing purposes is unconstitutionally arbitrary. (See id. at 27-28.)

Here, Movant has not shown deficient performance by his counsel. Movant presents nothing to suggest that a better deal may have been available to him. As movant tacitly admits, the government refused to make him the same plea offer because Movant's offense conduct was comparatively severe, involving the distribution of images depicting prepubescent and infant children, and the balance of aggravating and mitigating factors was different in each case, which the Court considered explicitly at sentencing. (See doc. 198 at 25; doc. 199 at 11-14, 17-19.) Indeed, codefendant Terence Dixon, the creator of the chatroom, was not offered any plea except to the § 2251(d) offense and received a 300-month sentence. (See doc. 176.) Movant falls far short of carrying his "demanding burden" to show that the government abused its charging discretion. See United States v. Smith, 231 F.3d 800, 807-08 (11th Cir. 2000) ("In order to dispel the presumption that a prosecutor has not

16

violated equal protection, a criminal defendant must present *clear* evidence to the contrary.") (quoting United States v. Armstrong, 517 U.S. 456, 464 (1996) (emphasis in original). Movant cannot satisfy his burden with speculation, and, in any event, individuals who "traffick[ed] … prepubescent and infant child pornography" is simply not an arbitrary suspect classification tantamount to race or religion. Cf. id. Consequently, counsel did not render deficient performance during plea negotiations, or by failing to make meritless objections that Movant's was selectively prosecuted or that his sentence was longer than some of his codefendants who pled guilty to a different offense. Further, Movant has not shown that he was prejudiced by counsel's performance at sentencing where the Court varied downwards to a statutory-minimum 180-month sentence. (See doc. 199 at 17-19.)

Finally, as to Movant's Ground 6 stating that his counsel denied him discovery, the events underlying this claim occurred postconviction and do not state a claim for habeas relief. See Carroll v. Sec'y, Dep't of Corr., et al., 574 F.3d 1354, 1365 (11th Cir. 2009) (explaining that habeas corpus is not an appropriate remedy for challenges that do not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself).

17

Accordingly, because none of the grounds presented warrant relief, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED**.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists would not debate the resolution of the issues presented, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. <u>See</u> <u>id.</u> If the District Judge adopts this recommendation and

18

denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the 28 U.S.C. § 2255 motion [196] be **DENIED**, and that no certificate of appealability issue.

**SO RECOMMENDED**, this 3rd day of August, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge